ANSTEAD, Chief Judge,
specially concurring:
This is an appeal from a final summary judgment entered against the 71 year old appellant in a personal injury action filed against the appellee-employer on the basis that her sole means of relief is through a workers’ compensation claim. The trouble is, that under the statutory compensation scheme in effect at the time of her injury, the appellant was only entitled to medical expenses. The controlling statute specifically provides that employees aged 65 or beyond who are eligible for federal social security benefits are not entitled to wage loss benefits. Yet the same statute also denies an older claimant the right to recover for her damages, including lost wages and impaired earning capacity, from an employer who negligently caused her injuries. I think this scheme constitutes a blatant example of age discrimination and is patently unconstitutional. In this respect, however, I acknowledge that we are bound by the recent Supreme Court and First District decisions upholding the validity of this scheme. See Sasso.
The constitutionality of the statutory scheme immunizing employers from tort liability is predicated on the fact that the benefits payable to an injured worker constitute a reasonable alternative to the damages otherwise recoverable for the tort. Kluger v. White, 281 So.2d 1 (Fla.1973). In my view, by limiting an older employee’s claim to medical benefits, the legislature has not provided a reasonable alternative to a tort action. In this day of the routine availability of medical insurance in varied form the payment of medical expenses alone hardly constitutes a reasonable alternative to the full-blown damages recoverable in a tort action. Since the statutory immunity hinges on the availability and reasonableness of an alternative recovery, I believe the immunity provision here to be invalid. In my view, the controlling statutory scheme constitutes a denial of appellant’s constitutional right of access to the courts to remedy the wrong done when she was injured through the fault of her employer; and the same scheme is violative of the federal and state law barring age discrimination.
The legislature, fortunately, has recognized this problem and eliminated this discriminatory provision from the current statutory scheme.